JANE E. COLVILL & Husband *vs.* ROBERT B. LANGDON & others.

April 29, 1876.

**Husband and Wife—Action for Personal Tort upon the Wife.**—In an action for a personal tort upon the wife, the joinder of the husband as plaintiff with her is only an irregularity, which may be disregarded or corrected at any time by striking out the name of the husband.

**Railroad Company—Entry on Land and Assault on Owner Pending Condemnation Proceedings.**—In an action for an assault and battery committed while entering, against plaintiff's consent, and to overcome her resistance to such entry, upon premises occupied by her, it cannot be shown, in mitigation of the damages, that the defendants were acting under authority of a railroad company, and that there were proceedings by it still pending for condemnation of the premises.

**Harmless Error in Charge.**—An inaccuracy in stating the rule of law to the jury

in one part of the charge, if corrected by the general scope of the entire charge, so that this court can see that the jury could not have been misled by the inaccuracy, is not ground for reversal.

**Appeal from Pro Forma Order Refusing New Trial.**—When, on a motion for a new trial, an order is entered below denying the motion *pro forma*, whether this court will, on an appeal from the order, consider any point upon which there has been only a formal, but no actual, consideration and decision of the court below—such as the point that the verdict is excessive, or is not sustained by the evidence—is doubted, but not necessary to be decided in this case.

Appeal by defendants from an order of the district court for Goodhue county, *Crosby*, J., presiding, refusing a new trial.

*L. Van Slyck, W. C. Williston,* and *Seagrave Smith,* for appellants.

*W. Colvill* and *J. C. McClure,* for respondents.

GILFILLAN, C. J.[1]  Action for assault and battery upon the plaintiff, Jane E.  By Laws 1869, ch. 58, amending Gen. St. ch. 66, § 29, a married woman may bring an action like this without joining her husband.  Joining him in this case was an irregularity.  But as the complaint clearly shows that the cause of action is in her alone, and as defendants could not be in any way prejudiced or embarrassed in their defence by the misjoinder, no substantial right is affected, and the court below might either disregard it or correct it at once by striking out the name of the husband.

The plaintiff, with her husband, was in June, 1871, residing upon certain premises in the city of Red Wing, and the defendant, McDonald, with a large number of men, went upon the premises, and commenced digging for the purpose of constructing a railroad track, and, upon plaintiff attempting to interrupt the digging, some of the men pushed her away, and afterwards, in the prosecution of their work, pushed her out of the house.  As to the other defendants, who were not present participating in the assault, the plaintiff's theory is that they had concerted a plan that

[1] Cornell, J., having been of counsel, did not sit in this case.

McDonald and his men should enter upon the premises and construct the track, against any opposition which plaintiff or her husband might make, and should use such force as might be necessary to overcome the opposition; that the assault and battery were contemplated by such plan, if they should be necessary to effect the construction of the track, and were made upon the procurement of such other defendants.

None of the exceptions taken during the trial require notice but this one. The defendants, who claim that they and McDonald and his men were, in entering upon the premises, acting under the authority of the railroad company, offered in evidence, for the purpose of mitigating damages, proceedings for condemnation of the premises, up to and including the award of the commissioners, filed December 2, 1870, and an appeal from that award to the district court, pending at the time of the assault, and also a tender of the amount of the award in April, 1871, before plaintiff and her husband moved upon the premises. This evidence would fall short of showing any right, or reasonable claim of right, to enter the premises. A condemnation without payment of the compensation awarded would not establish such right, and a tender before the amount to be paid was ascertained by determination of the appeal was of no effect. The fact that there were proceedings pending, which might result in giving the company the right to use the land, would not excuse nor extenuate the conduct of defendants, and the proof was properly excluded.

The court, upon plaintiff's second request, instructed the jury that if the defendants, or either of them, were accessory before the fact to the assault and battery, they should return a verdict against such of the defendants as were accessory, which was correct.

On plaintiff's third request the court instructed the jury "that in order to constitute the defendants, Dodge, Langdon and Van Slyck, accessories to the said assault and bat-

tery before the fact, it is not necessary that they should have directed, advised, procured or connived at the forcible entry by McDonald and other persons unknown upon the premises, with intent thereby to take forcible possession of the premises, if what they or either of them directed or procured naturally or ordinarily produced the assault and battery." The objection made to this instruction is that the jury might understand from it that the directing or procurement by one of the defendants would render the others liable, and, if the instruction stood alone, it would be open to that criticism ; but any inaccuracy in one part of a charge, especially a mere general proposition, if corrected by the general scope of the entire charge, so that we can see that the jury could not have been misled by the inaccuracy, is not ground of reversal, except as to the particular instruction. The rule laid down by the charge is that such defendant's liability depends on his own act, or the act of others under his direction or procurement. It is very explicitly stated in the instruction upon defendants' second request, that if McDonald went in and did what the evidence shows " without the advice or consent of either one of the defendants, then the verdict should be for such of the defendants as did not direct or have knowledge of his acts." We are satisfied that the jury could not have been misled by what appears to be an inadvertent verbal inaccuracy in the general proposition stated in the instruction complained of.

The evidence makes no case for the application of the rule in defendants' fourth request. The plaintiff was in possession, it is to be presumed rightfully, and the parties who entered without her consent were presumptively wrongdoers, whom plaintiff had a right to eject or resist.

The points that the verdict is excessive, and that it is against evidence, cannot be considered, for the case does not purport to contain all the evidence given at the trial.

The order appealed from states that the motion for a new trial is denied *pro forma*. From this we understand that

there was no actual decision of the motion, but an order entered denying it, as a form, and without any consideration of the points raised. The parties to such a motion are entitled to the judgment and decision of the court below on the merits upon all points on which the motion is made, and there is an appropriate remedy to enforce the right to such judgment and decision. The theory of the judicial system in this state is that the parties shall have first a decision of the court below, and then a review of that decision in this court. The practice, which is getting to be very common, of entering a *pro forma* order without consideration deprives the parties of the right to the judgment of the lower court, and, in effect, would make of this court the court to decide the application in the first instance, rather than a court of review, as is intended by the constitution. The objection to this court making a first decision upon a point raised in the court below is peculiarly applicable to the points that a verdict is excessive, or that it is not sustained by evidence, to judge of which points correctly the court in which the trial was had has advantages not possessed by this court. We doubt whether we ought, in an appeal, to consider here a point involved in the order appealed from if the record shows that there was no actual decision upon it in the court below.

We do not decide the question now, but call attention of courts below and of the bar to it, so that parties may not be taken by surprise when the question shall be decided.

Order affirmed.