NILS P. JOHNSON *vs.* JOHN D. HOWARD.

March 19, 1879.

On rehearing, April 8, 1879.

**Appeal from Order made pro forma.**—On appeal from a *pro-forma* order deny-
ing a new trial, made in an action tried by a jury, upon a motion upon
the whole evidence, this court will consider no questions involved in the
order, where it appears affirmatively, or by fair presumption, from the
face of the order itself, that both parties submitted the motion to the
lower court without argument, and consented that a *pro-forma* order
might be entered upon the motion, without examination by the court.

**Same—Exception in this Case.**—On rehearing, the order of affirmance in this
case is vacated, and the case remitted, that appellant may have a hearing
on his motion in the district court.

Appeal by defendant from an order of the district court for
St. Louis county, *Stearns,* J., presiding, refusing a new trial,
after verdict for plaintiff.

*Smith & Egan,* for appellant.

*Palmer & Bell,* for respondent.

CORNELL, J.   The order which is the subject of this appeal
is as follows: "The defendant having moved for a new trial
in this action upon the case therein allowed and settled, and
the same having been submitted by the parties without argu-
ment, and the plaintiff consenting that a *pro-forma* order
be entered, without examination by the court: Ordered, that
the said motion for a new trial be and the same is hereby
denied.

"By the court,

"O. P. STEARNS, Judge.

"*Sept. 21, 1877.*"

It appears upon the face of the order that it was granted
a long time after the decision in the case of *Colvill* v. *Langdon,*
22 Minn. 565, which was filed in April, 1876, and the cau-
tionary remarks then made in reference to this kind of prac-
tice.   Appellant has therefore no just ground for surprise

that the point is now distinctly presented for adjudication, upon the suggestion of the respondent that an order of this character is not reviewable in this court.

Except in such remedial cases as may be prescribed by law, this court, under our constitution, is only invested with an appellate jurisdiction. Const. art. 6, § 2. In the exercise of this jurisdiction, it can only rightfully act as a court of review. The very nature of the jurisdiction confines the court to a consideration of such questions as, originating in another court, have been there actually or presumably considered and passed upon in the first instance. Its most obvious purpose in our judicial system is to secure to parties litigant in respect to any controverted question, properly a subject for review, after one determination upon the merits, the benefits of another consideration of the same question, in another and distinct tribunal, differently constituted, and surrounded by different influences. The beneficial tendency of such a principle in any judicial system, in promoting a more safe and circumspect administration of justice, can hardly be doubted.

The practice of considering and adjudicating in this court, in the first instance, questions arising upon a motion for a new trial upon a settled case containing all the evidence and proceedings, when confessedly they have never in fact been raised or considered in the court below, is manifestly in plain violation of this principle, and is open to many and serious objections. Every motion of this kind is addressed largely to the sound discretion of the trial court, and is to be determined with reference to promoting the interests of substantial justice, as disclosed upon a view of the whole case. Its right decision often involves an inquiry into the credibility of witnesses, the weight of oral testimony, and whether the verdict of the jury was influenced by any surrounding circumstances likely to affect the result. Concerning such questions, it is obvious a trial court has peculiar advantages for reaching a correct conclusion, which an appellate tribunal cannot enjoy; and therefore it is that in cases involving ques-

tions of this character, the opinion of the trial court is always entitled to great weight, and sometimes to a controlling influence, in determining the judgment of the appellate court upon appeal. It is manifest the whole benefit of this salutary rule will be lost if the practice is to be established of entertaining and deciding such questions in the first instance in this court, without any previous consideration thereof by the lower court. It would practically result in an usurpation by this court of the functions of a trial court in respect to the subject of granting and refusing new trials upon the evidence, and, to that extent, change the character of its appellate jurisdiction as it has heretofore existed under our constitution and laws.

In the case before us, the application for a new trial is made upon two grounds; one, that the verdict is not justified by the evidence, and the other for errors of law occurring at the trial, which, it is alleged, affected the result. The former of these necessarily involves an inquiry into the weight of evidence, and the facts properly deducible therefrom; and the latter, the question whether the rulings made and excepted to on the trial were erroneous, and if so, whether, considered in connection with all the evidence, they affected, or could have affected the verdict. It affirmatively appears from the record that neither of these questions was ever considered, or actually passed upon by the district court in the order it made. It was entered, as is stated, *pro forma,* without argument and without examination, with the assent of the plaintiff. It must also be assumed that it was so entered with the consent of the defendant; for it was clearly in disregard of duty to have entered such an order without the assent of both parties, and no presumption of that character can be indulged against the court, in the absence of an express showing to the contrary—a fact which is neither shown nor suggested in the case. As it thus appears affirmatively that the court below has never actually considered and passed upon any of the questions involved in the order made, their

final determination in the first instance by this court on appeal would practically result in but one adjudication thereof on the merits, and that an adjudication original in fact and in its nature, though appellate in form. This would be at variance with the clear intention of the constitution, in limiting the powers of this court to the exercise of an appellate jurisdiction in such matters. Therefore, when the record before us shows that none of the questions involved in the order appealed from have been considered or passed upon by the inferior court, they ought not and will not be entertained and adjudicated in the action, by this court.

Regarding the effect of a *pro-forma* order upon the rights of the party against whom it is made, if it appears affirmatively, or by any fair presumption, that he consented to a disposition of the motion upon which it was made, without any examination or consideration of the merits or questions involved, no good reason occurs why he ought not to be concluded by it. The order in such a case should be treated as a finality and affirmed, because the party has voluntarily consented to a decision which is not reviewable. If he never agreed to the making and entry of an order of that kind, and that fact appears of record, the *pro-forma* order would probably be reversed on appeal, as unauthorized, with a direction to the court below to proceed and dispose of the matter on its merits. If the fact of non-consent does not appear, the party prejudiced would undoubtedly be entitled, upon application and motion in the court below, to have the order vacated, and for a decision upon the merits—a remedy clearly within the supervisory and appellate jurisdiction of this court to enforce, in case it should be refused.

Order affirmed.

---

On motion for a rehearing, the following opinion was delivered:

*By the Court.* The decision heretofore made upon the
v.25m—36

appeal from the *pro-forma* order refusing a new trial, followed logically the suggestions made by the court in *Colvill* v. *Langdon*, 22 Minn. 565. That case, however, does not express what this court will do upon such an order being brought to it on appeal; and as it is now made to appear that the appellant was led by what the court said, when this case came on for argument, to believe that the court would consider the motion for a new trial on the merits, notwithstanding the order is only *pro forma*, the decision affirming the order, on the ground solely that it is *pro forma*, undoubtedly operates as a surprise upon him. For this reason, we think the decision should be so modified that the appellant may have a hearing below on the merits of his motion. The order affirming the order appealed from will be vacated, and an order entered sending the case back to the district court to vacate its *pro-forma* order, and to consider and determine the motion for a new trial on its merits. The costs of this appeal to be taxed to the respondent.