JOHN WASS *vs.* ISAAC ATWATER.

January 10, 1885.

**Partnership—Principal and Agent—Sale of Land.**—The plaintiff, an agent of the defendant for the sale of land, employed one B. to assist him in effecting a sale, and agreed to pay him one-half of his (plaintiff's) commission if he (B.) should procure a purchaser. *Held,* construing the evidence, that the plaintiff and B. were not partners in the transaction, but principal and agent.

**Same—Authority of Agent.**—The mere fact of such employment by the plaintiff did not authorize B., by contract with the defendant, to release or modify plaintiff's claim for compensation for making the sale.

**Practice—Instruction.**—Charge of the court considered as not unfairly or partially presenting the case to the jury.

**Same—New Trial—Harmless Evidence.**—Rule applied that irrelevant evidence clearly not affecting the result affords no ground for a new trial.

Plaintiff brought this action in the district court for Hennepin county, to recover commission alleged to have been earned by him as defendant's agent in the sale of certain land. The complaint alleges that defendant instructed and requested plaintiff to sell the land

for $1,200 per acre, and promised to pay as commission any sum over $1,200 per acre for which plaintiff should sell the land, and that plaintiff sold the land, of which there was about 26 acres, for $1,300 per acre.

The action was tried before *Koon*, J., and a jury, and plaintiff had a verdict for $2,690.73. The defendant appeals from an order refusing a new trial.

*I. Atwater* and *C. E. Flandrau*, for appellant.

*Worrall & Jordan*, for respondent.

DICKINSON, J. The plaintiff claims to have been constituted an agent of the defendant to effect a sale of certain lands of the latter, the compensation for which service was fixed by the agreement of the parties. This action is for the recovery of that compensation. There is a conflict in the evidence, but the verdict must be regarded as determining in favor of the plaintiff the issues as to the alleged agency, the agreement as to compensation, and the sale of the land through plaintiff's agency. The principal question presented on this appeal is whether the agreement with respect to compensation was subsequently modified, or the right to compensation relinquished.

It appeared upon the trial that the plaintiff agreed with one Bradford that the latter should assist him in procuring a purchaser for the land, and that he (plaintiff) should pay Bradford one-half the commission if Bradford "found a customer for the land;" and it also appeared that it was largely through the efforts of Bradford that a purchaser was procured and the sale effected. There was evidence going to show that, through an agreement between Bradford and the defendant at the time the sale was consummated, Bradford, who had been authorized by plaintiff to attend to the completing of the already proposed sale, assumed to relinquish any claim for compensation or commission from the defendant for making the sale. Such being the case, the court instructed the jury that "the mere fact that Mr. Wass had employed a man to assist him in procuring a purchaser, I do not think, of itself, independently of any other testimony, would be evidence tending to show that this man had authority to waive commissions or to make any agreement in regard to commissions;" and after further instructions, to the effect that if the plaintiff *authorized* Brad-

ford to make such relinquishment it would, if made, be effectual, the court added: "But I think there should be evidence in the case, other than the mere employment of Bradford to assist him in finding a purchaser, to authorize Bradford to act in that capacity, or to make any such contract" (of relinquishment.) Error is assigned as to those portions of the charge recited.

That the instruction involved no erroneous statement of the law is self-evident; but the appellant insists that by such instructions the case was presented to the jury in a partial manner prejudicial to the defendant, since, as is claimed, there *was* evidence, beyond the mere fact of the employment of Bradford, showing that he was authorized or held forth as having authority to relinquish plaintiff's right to compensation. The evidence bearing upon the question of Bradford's authority, actual or apparent, to bind the plaintiff by any arrangement he might make with the defendant as to compensation, was not such as to compel a conclusion in favor of the defendant; at most, it was only such as might have sustained a verdict in his favor. The charge does not declare or intimate that there was no such evidence other than the mere fact of the employment; but in other passages, not here recited, it distinctly refers the evidence upon that point to the jury. We do not think the charge was partial or unfair. It is to be observed that there was no request for further or more specific instructions, nor any suggestion that the case had been so presented as to lead the jury to overlook or disregard any evidence not referred to by the court. *Warner* v. *Myrick*, 16 Minn. 81, (91;) *Minn. Cent. Ry. Co.* v. *McNamara*, 13 Minn. 468, (508.)

The only other exception to the charge was to an instruction to the effect that a relinquishment by Bradford of all right of compensation to himself would not affect the right of the plaintiff to recover from the defendant the full compensation agreed upon, if he was entitled to recover at all. This was in accordance with the law as applicable to the case. It does not appear that Bradford had, or assumed to have, any authority from the defendant to act as his agent in selling the land; and he expressly disclaimed any right to compensation from the defendant. His contract was with the plaintiff, and he looked to him for his remuneration. Bradford was not privy to the contract

between the plaintiff and the defendant, and therefore any relinquishment or disclaimer of a right of compensation for his own services would not modify or affect that contract.

It is claimed, however, on the part of the defendant, that the evidence shows that the agreement into which the plaintiff and Bradford entered constituted them *partners* in the undertaking of selling this land, and that hence Bradford had authority, as a partner, to do what the plaintiff himself might have done, and might release the right to the stipulated commission. We need not consider what might have been the legal result as to the matter under consideration if such a partnership had been created, for we are of the opinion that the case does not show any such relation. The evidence upon this point consists of the testimony of the plaintiff, who says: "Mr. Bradford acted *for me*. * * * He assisted me in the sale of it. I had authorized him to show parties the land for me. *I was to pay him half the commission* * * * if he found a customer for the land." *Question.* "He was your *representative*, your *agent*, to find customers, was he?" *Answer.* "Yes." This does not show the relation of partners, but simply that of principal and agent. Bradford had no interest in the commission *in specie* to be earned by a sale,—*Fay* v. *Davidson*, 13 Minn. 491, (523,)—but only a personal claim upon the plaintiff upon his individual obligation.

Upon the examination of Bradford as a witness, his testimony was received, against defendant's objection, that the purchaser of the land never paid him (Bradford) anything. This evidence was quite immaterial and irrelevant to the issue; but Bradford's rights or interests were in no way involved in the action, and the evidence cannot have affected the determination of the jury. There is, therefore, no ground for a new trial.

Order affirmed.