(Opinion published 52 N. W. Rep. 222.)

---

BARBARA WIESNER *et al. vs.* JULIUS F. YOUNG.

Submitted on briefs May 2, 1892.   Decided May 20, 1892.

**Misjoinder of Plaintiffs.**

The misjoinder of two parties as plaintiffs, when the cause of action is in one alone, is no ground for a dismissal of the complaint as to both. It is a mere irregularity which may be corrected at any time, before or after judgment, by striking out the name of the party improperly joined.

Appeal by defendant, Julius F. Young, from an order of the District Court of Steele county, *Buckham,* J., made September 19, 1891, refusing him a new trial.

The plaintiffs, Barbara Wiesner and her husband, John M. Wiesner, commenced this action in the Municipal Court of the City of Owatonna against defendant to recover $28, which the wife paid him for a gold watch. She bargained for it in July, but did not pay for it or take it away until December, 1890. After getting it she thought she discovered it was not the watch she bargained for, but a cheaper one; and on January 9, 1891, she returned it and demanded her

money.  After a trial in the Municipal Court an appeal was taken to the District Court on questions of both law and fact, and was there tried on June 3, 1891.  After the evidence for the plaintiffs had been given the defendant moved to dismiss the action because the husband, who had no interest, was joined with the wife as one of the plaintiffs.  The court denied the motion.  The defendant submitted his evidence.  The jury found for the plaintiffs, and assessed their damages at $28.70.

*Wheelock & Sperry*, for appellant.

*Sawyer & Sawyer*, for respondents.

MITCHELL, J.  The contention of defendant is that there could be no recovery in this action, because the husband was joined as plaintiff with the wife, while the cause of action was in the wife alone. The case of *Colvill* v. *Langdon*, 22 Minn. 565, is decisive of the question adversely to the defendant.  Unquestionably the theory and spirit of the Code is to apply to all actions alike the equity, as distinguished from the old common-law, rule as to a misjoinder of parties plaintiff.  The equity rule was that, in case of an improper or unnecessary union of coplaintiffs, the suit did not necessarily fail as to all.  The bill might be dismissed at the hearing as to certain of the plaintiffs, and a decree rendered for the others; or some might be struck off upon motion at any stage of the proceedings and the cause go on in the name of the residue.  1878 G. S. ch. 66, § 124, authorizing the court "at any time, before or after judgment, in furtherance of justice, to amend any pleading, process, or proceeding by adding or striking out the name of any party," was doubtless framed with reference to this equity rule.  Pom. Rem. & Rem. Rights, §§ 209–216; 17 Amer. & Eng. Enc. Law, p. 616 *et seq.*, and cases cited.

The defendant might, on motion, have had the name of the husband stricken out, or the action dismissed as to him; and probably he might have interposed a demurrer as to the husband, not because of the misjoinder, which is not a ground of demurrer, but because the complaint did not state a cause of action in respect to him.  But the

misjoinder was no ground for dismissing the action as to both plain-
tiffs, and furnished no reason why it should fail as to both.

Order affirmed.

(Opinion published 52 N. W. Rep. 390.)