H. I. PAULSRUD AND ANOTHER v. C. SHIRLEY TYLER.[1]

April 2, 1954.

No. 36,134.

[1]Reported in 64 N. W. (2d) 33.

*Lawrence R. Allison* and *Carl A. Youngquist,* for appellant.
*R. S. Lammers,* for respondents.

CHRISTIANSON, JUSTICE.

This is an action to recover the reasonable value of services performed by plaintiffs as real estate brokers for defendant. The case was tried to the court, and these, in substance, are the facts found: That defendant authorized plaintiff R. H. Benham to act as his agent in procuring a purchaser of certain real estate owned by him in Dakota county, Minnesota, at a list price of $15,000 cash; that, pursuant to such authorization, plaintiff Benham found as a purchaser Cranford Ingham, who, as a consequence of the services rendered by plaintiffs, Benham and H. I. Paulsrud, purchased the premises of defendant for $15,000 in cash; that plaintiff Paulsrud had a contract with plaintiff Benham under which he was to act as a part-time salesman for Benham in the sale of defendant's premises and other properties in Dakota county and whereby Paulsrud was to receive 50 percent of any commission or commissions which might be earned by or paid to Benham on sales in which he participated; that defendant had knowledge of the aforesaid arrangement between plaintiffs and agreed to pay the fair and reasonable value of their services for procuring a purchaser for said premises; and that the fair and reasonable value of the services rendered by plaintiffs to defendant is five percent of the sales price or $750, no part of which has been paid to plaintiffs or either of them by defendant.

Upon these findings the trial court made conclusions of law that defendant was indebted to plaintiffs in the sum of $750 with interest and costs. Defendant thereafter made an alternative motion for amended findings of fact and conclusions of law or for a new trial, which was denied. Defendant appeals from the order denying his motion for a new trial.

Defendant by his assignments of error limits the questions for review to a consideration of whether the evidence sustains the trial court's findings of fact and, if so, whether such findings sustain its

conclusions of law. As stated by this court in Meiners v. Kennedy, 221 Minn. 6, 9, 20 N. W. (2d) 539, 540, it is not—

"* * * within our province, to go into an extended discussion of the evidence to prove or demonstrate the correctness of the findings of the trial court. Rather, our duty is fully performed when we have fairly considered all the evidence and from it have determined that it reasonably supports the findings. The question is 'not that the trial court would not have been justified in making findings thereon in appellant's favor, but that the findings made are supported by evidence reasonably tending to establish the facts found.' Service & Security, Inc. v. St. Paul F. S. & L. Assn. 211 Minn. 199, 203, 300 N. W. 811, 813."

Tested by the stated rule, we find that there is sufficient evidence in the record to sustain the view that the services in question were performed under circumstances from which a promise to pay their reasonable value may be implied and that the essential facts found by the trial court are reasonably supported by the evidence. Moreover, it is apparent from this court's opinions in Schimmelpfennig v. Gaedke, 223 Minn. 542, 27 N. W. (2d) 416, and Benedict v. Pfunder, 183 Minn. 396, 237 N. W. 2, that the trial court's findings of fact amply sustain its conclusions of law.

■ Defendant contends that plaintiff Paulsrud was improperly joined as a party plaintiff in the action, citing the case of Wass v. Atwater, 33 Minn. 83, 22 N. W. 8, in support of his position. However, since this would be a mere irregularity which might be corrected at any stage of the action by striking out Paulsrud's name if he was improperly joined,[2] it would not entitle defendant to a new trial. Therefore, it is not necessary for us to pass upon this contention at this time.

It follows that the order appealed from should be affirmed.

Affirmed.

[2]See, Rule 21 of Rules of Civil Procedure; Wiesner v. Young, 50 Minn. 21, 52 N. W. 390.