## G. S. ANNABIL v. TRAVERSE LAND COMPANY.[1]

May 14, 1909.

Nos. 16,068—(59).

**Broker's Commission — Evidence.**

Plaintiff, a real estate broker, sought to recover from defendant the rea-

[1]Reported in 121 N. W. 233.

sonable value of services rendered in procuring a purchaser who bought defendant's property on terms accepted by defendant. It is *held:* (1) The correspondence and testimony justified the trial court in holding that as a matter of law there arose an implied promise on the part of the defendant to pay plaintiff what his services were reasonably worth. Hubachek v. Hazzard, 83 Minn. 437, applied. (2) No reversible error was disclosed by other assignments.

Action in the district court for Traverse county to recover $625 commission as real estate broker. The case was tried before Flaherty, J., and a jury which rendered a verdict in favor of plaintiff for $289.20. From an order denying defendant's motion for judgment notwithstanding the verdict or for a new trial, it appealed. Affirmed.

*F. W. Murphy,* for appellant.

*Steidl & Houston,* for respondent.

JAGGARD, J.

Plaintiff, engaged as a broker in the business of listing mills and elevators for sale or exchange, brought this action against the defendant land company to recover for services performed and expenses incurred at defendant's request in finding and procuring a purchaser for, and negotiating the sale and selling, the defendant's described mill. The reasonable value of the services was alleged to be $625. Defendant's answer was a general denial. On trial the district judge held as a matter of law that the correspondence and testimony showed the rendering by plaintiff of services for defendant under such circumstances as would raise a promise in law on the part of the defendant to pay plaintiff what such services were reasonably worth. The only issue submitted to the jury was the value of such services. The jury returned a verdict in the sum of $289.20. This appeal was taken from the order of the trial court denying the usual alternative motion of defendant.

1. One group of defendant's thirty-one assignments asserts error in the conclusion of the trial court that as a matter of law there was implied contract on the part of the defendant to pay plaintiff the reasonable value of his services. Defendant insists that there was no agreement between the parties at all. To prove that contract the correspondence between the parties was admitted in evidence.

This correspondence shows that the plaintiff endeavored to find a proposition for the exchange of defendant's mill satisfactory to the defendant. The exchange for some Wisconsin timber land was suggested. The name of a correspondent was given. A letter concludes: "If you find this land worth the money, and make a trade with him [the plaintiff] will expect you to pay us a commission on the deal. Will you do this?" Two days later the defendant wrote, saying that plaintiff's proposition was satisfactory, that they had written the suggested correspondent, and "if we get him interested, we shall expect you to assist us to our interests in the sale of this mill in which case we will be willing to pay you usual commission." This proposed trade was not consummated, nor was another proposed exchange of the mill for other Wisconsin lands. Subsequently the plaintiff wrote defendant of an eight-hundred-acre place in Rock county, Minnesota, "which the owner will trade for your mill at St. Charles, Minn., if it suits him." The defendant acknowledged the receipt of this letter, and added: "If the land is worth what it ought to be worth in that section of the country, I will consider this deal. * * * Rush this matter, and, if necessary, wire me if he can meet me at once." Subsequently the exchange was effected. Defendant's president testified that he had met the representative of the landowner, pursuant to an appointment made by plaintiff; that he closed the deal with him, whereby defendant traded his mill for this land.

Defendant urges: "It is somewhat startling to have the court hold that regardless of the nature of the correspondence, and in spite of the fact that the defendant had not agreed to pay any commission, and understood that the correspondence did not indicate that any was expected, that defendant was required to pay whatever the jury might guess was the value of the plaintiff's services." If this were not reiterated in various phrases with apparent seriousness, we should be inclined to treat this view of the case as humorous. Certainly defendant's surprise on ascertaining that he was expected to pay a commission is naïve in the extreme. It is clear that the court properly excluded the evidence tending to show that defendant did not consider that he had agreed by these letters to pay any commission, and the like, and that the court was justified by the corres-

pondence and the other testimony in holding that an implied contract to pay the reasonable value of the services arose as a matter of law. The correspondence itself shows that the payment of a commission was contemplated. It is elementary that "if beneficial services are rendered for a person under such circumstances as to show that the agent expects to be paid for them as a matter of right, and the person for whom they are rendered does nothing to disabuse him of this expectation, but permits him to render the services, the law will imply a promise to pay for them." Mechem, Agency, § 601.

2. Another reason assigned why the trial court was in error is that plaintiff "did nothing, and the deal was not closed as he understood it should be, and, in fact, as he understood it was." It is undoubtedly true that a man must carry out a contract before he is entitled to any compensation. Johnson v. Fehsefeldt, 106 Minn. 202, 118 N. W. 797. In this case we think it is clearly shown that this is what plaintiff did. He was a real estate broker, and he earned his commission because he procured a purchaser ready, able, and willing to buy upon terms acceptable to the purchaser, and who did in fact buy upon terms actually accepted by the owner. This case is controlled by Hubachek v. Hazzard, 83 Minn. 437, 86 N. W. 426. It would distort the natural significance of letters and facts disclosed by this record to hold that the implied contract required the plaintiff to procure some one who would take the mill property upon the exact terms first proposed by defendant. The fact that at one time negotiations had a short break, and that the parties separated and immediately afterwards came together, does not bring this case within the principle of Fairchild v. Cunningham, 84 Minn. 521, 88 N. W. 15, and allied cases. Nor is there any force to the objection that there is a variance between the complaint and the testimony. The complaint was broad enough to justify plaintiff's recovery for "what he accomplished in the way of bringing the parties together."

3. Defendant also insists that plaintiff was not entitled to a commission from both parties to the exchange of properties, and that the record shows him just as much entitled to a commission from one as from the other. This argument is not meritorious. The objection was not made an issue by the pleadings. The answer was a general denial. Nor does the record show that plaintiff was entitled

to a commission from the owner of the acres exchanged for the mill. It is true there is some testimony in connection with this subject; but it was neither proved nor offered to be proved that plaintiff was entitled to a commission from the other party to the trade. No error appears in any ruling of the court excluding such offered proof. In one place in the record it appears that an agreement concerning commissions to be paid a Mr. Carpenter by the owner of the land was entered into. This agreement was in writing. A witness proceeded to state the effect of that writing, without producing it. On objection, inter alia, that this was not the best evidence, this was stricken out. In this connection counsel for the defendant explained that they were not offering the testimony as "an independent proposition." In any possible view of the record, moreover, plaintiff was merely a broker.

4. We have examined all other assignments of error, and have found none which would justify reversal of the trial court, or which calls for detailed consideration.

Affirmed.