## HOLBERT-HAAGENSEN COMPANY v. C. D. KICHER.[1]

January 14, 1921.

No. 22,049.

**Broker — action for compensation — judgment notwithstanding.**

1. In this suit by a broker for compensation for services in selling two carloads of honey for defendant, the latter was not entitled to judgment notwithstanding the verdict on the ground that plaintiff also represented the buyer.

**Value of services—charge to jury.**

2. The evidence was conclusive that plaintiff was employed by defendant to sell the honey and that he did sell it at a price acceptable to defendant, and the court rightly instructed the jury that the only question for their determination was the reasonable value of the services so rendered.

**Defense neither pleaded nor proved.**

3. The answer did not allege as a defense that in the transaction plaintiff, without defendant's knowledge, acted as the buyer's agent, nor was there evidence to go to the jury as to such a defense.

Action in the district court for Ramsey county to recover $356.66 broker's commission for selling two carloads of honey. The case was tried before Haupt, J., who at the close of the testimony denied defendant's motion for a directed verdict and submitted to the jury the value of plaintiff's services, which value they placed at $333.12. From an order denying his motion for judgment notwithstanding the verdict or for a new trial, defendant appealed. Affirmed.

*Tautges & Bissel* and *J. H. Sapiro,* for appellant.
*Sanborn, Graves, Appel & Ordway,* for respondent.

HOLT, J.

Appeal by defendant from an order denying his motion in the alternative for judgment notwithstanding the verdict or a new trial.

Plaintiff, a merchandise broker, recovered a commission for selling two

[1] Reported in 180 N. W. 917.

carloads of honey for defendant. Plaintiff does business in Minneapolis and defendant is a resident of Utah. All communication between them was by letters and telegrams. Upon this correspondence the court held the employment conclusively established, and submitted to the jury only the value of plaintiff's services.

Defendant contends that he was entitled to a directed verdict because the testimony disclosed that plaintiff was also representing the purchaser of the honey. The only basis for the contention is found in the cross-examination of plaintiff wherein he stated: "We are always representing our buyers as well as our seller in trying to make a sale, working for both." Question: "You never advised Mr. Kicher of that?" Answer: "I didn't consider it necessary." Question: "And if you were representing Kicher, you were supposed to get the best price you could for it; is that right?" Answer: "We submit our propositions; it is up to him to reject or accept them." Question: "But if you represent a man, you try to do the best you can for him?" Answer: "Yes, sir." Question: "And here, without letting Kicher know about it, you say you were looking out for the interest of both parties?" Answer: "Naturally, or you wouldn't be in business." It developed that plaintiff did not receive any compensation from the buyer, nor was there any showing that he expected or was entitled to receive any. The answer was a general denial and thereunder the defense now urged cannot be made, nor does the cross-examination show a forfeiture of compensation under the rule in Annabil v. Traverse Land Co. 108 Minn. 37, 121 N. W. 233.

The correspondence conclusively proved that plaintiff was employed by defendant to find a purchaser for the honey, and that he did find one to whom the sale was made at a price satisfactory to defendant. Hence the court was right in charging the jury that the only question for them to determine was the reasonable value of plaintiff's services.

What has been said relative to the effect of plaintiff's cross-examination is decisive against defendant's contention that it was a question for the jury to determine whether plaintiff acted as agent for both buyer and seller without the latter's knowledge so as to defeat a recovery in this case. Neither the pleadings nor the proof made this a jury question.

The order is affirmed.