# F. R. STOCKER REALTY COMPANY v. JAMES PORTER.[1]

## May 27, 1921.

## No. 22,281.

**Broker — construction of agreement.**

    A contract between a real estate broker and a purchaser of certain property, by which the matter of the broker's compensation "was left entirely" with the purchaser, *held* to entitle the broker to the reasonable value of his services, and not to vest in the purchaser the right to refuse payment of any compensation at all. Butler v. Winona Mill Co. 28 Minn. 205, distinguished.

Action in the district court for Hennepin county to recover a broker's commission of $640. The case was tried before Fish, J., who at the close of the testimony denied plaintiffs' motion for a directed verdict, and a jury which returned a verdict for the amount demanded. From an order denying his motion for a new trial, defendant appealed. Affirmed.

*Jamison, Swan, Stinchfield & Mackall,* for appellant.

*Rieke & Hamrum,* for respondents.

BROWN, C. J.

Action to recover a broker's commission in a real estate transaction in which plaintiffs had a verdict and defendant appealed from an order denying a new trial.

The record and assignments of error present the single question whether there was error in the instructions of the trial court to the jury.

Plaintiffs alleged in their complaint that, for the services claimed to have been rendered defendant in the purchase of a half section of land situated in Kandiyohi county, defendant agreed to pay them a commission of two dollars per acre, a total of $640; they also alleged that the services rendered were reasonably worth and of the value of that amount. On the trial plaintiffs offered evidence of the express contract as to com-

[1]Reported in 182 N. W. 993.

pensation, and also that the services rendered were of the reasonable value of $640. The assignments of error present no question as to the rendition of the services, and the verdict to the effect that they were rendered must be taken as final. Defendant, as a witness, expressly denied the alleged agreement to pay two dollars per acre for plaintiffs' services, and expressly asserted that the matter of compensation was left wholly to him to determine. He testified that at the conclusion of the negotiations he stated to the representative of plaintiffs, Fred R. Stocker, "I will tell you what I will do. I will look into the matter, but whatever there is in it as far as you are concerned will have to rest entirely with myself."

He further testified that Stocker assented to that condition. Defendant purchased the land, but declined to pay plaintiffs anything for their services. This action followed. The court instructed the jury that, if they found the facts as claimed by plaintiffs, they should award them the amount fixed by the contract, if an express contract was made, or the reasonable value of the services if there was no express agreement. The court further instructed that even on defendant's theory of the agreement between the parties, namely, that the matter of plaintiffs' compensation was left entirely to him, plaintiffs would be entitled to the reasonable value of their services. Defendant excepted to that instruction and therein is presented the only question in the case.

We think and so hold that the view of the trial court on this feature of the case was entirely right. Defendant accepted the services of plaintiffs, of whatever character they may have been, with the reservation that whatever "there [was] in it" for them must be left to him to determine. The fair construction of his reservation will not justify the conclusion as a matter of law that defendant could, if he so elected, deny to plaintiffs any compensation at all, and the trial court was correct in holding that there was embodied therein the obligation to pay what the services were reasonably worth.

The case of Butler v. Winona Mill Co. 28 Minn. 205, 9 N. W. 697, 41 Am. Rep. 277, cited by defendant as supporting his contention, is distinguishable from that at bar. The contract there before the court was similar to this one, but no claim was there made that defendant could arbitrarily refuse any compensation whatever. In fact, defendant

in that case offered to pay what he deemed the reasonable value of the work and service there involved, and the court held that in doing so he was within the terms of the contract, and that the amount so offered was the limit of the right of plaintiff, though the court found that the services rendered were of greater value than the amount so tendered. The case is not in point.

The rule stated and applied in Annabil v. Traverse Land Co. 108 Minn. 37, 121 N. W. 233, is here applicable. The most that can be said of this transaction, from defendant's standpoint, is that the parties contemplated that there was "something in it" for plaintiffs, the amount whereof defendant reserved the right to fix and determine. If no compensation for plaintiff at all was in the mind of defendant at the time, naturally he would have so declared, rather than to defer the matter for later determination.

Order affirmed.