### OLE NOKLEBY v. ANTON O. DOCKEN.[1]

#### October 27, 1916.

#### Nos. 19,900—(36).

**Broker — action for commission — evidence.**

1. Evidence considered and *held* to show conclusively that plaintiff earned the commission that defendant agreed to pay him for selling land.

**Admission of evidence.**

2. There was no error in the rulings on the admission of evidence.

Action in the district court for Chippewa county to recover $100. The case was tried before Daly, J., who directed a verdict for the amount demanded. From an order denying his motion for a new trial, defendant appealed. Affirmed.

[1]Reported in 159 N. W. 757.

*C. D. Bensel,* for appellant.

*J. O. Haugland,* for respondent.

BUNN, J.

The complaint alleged that defendant employed plaintiff to find a buyer for a quarter section of land owned by defendant, and agreed to pay plaintiff $100 for his services, that plaintiff found a person who entered into a contract with defendant for the purchase of the land, but that defendant refused to pay the commission. The answer admitted that defendant employed plaintiff to sell the land, but alleged that the employment was upon the condition that defendant should receive from the purchaser a first payment of at least $2,000, and that the sale should be in all particulars satisfactory to defendant and his wife. It alleged that plaintiff did not sell the land or find a purchaser who was ready, able and willing to make a first payment of $2,000, or to purchase upon terms and conditions that were satisfactory to defendant and his wife. The reply was a general denial. The issues thus framed were tried to a jury. At the close of the evidence the court directed a verdict for plaintiff. Defendant appeals from an order denying his motion for a new trial.

Defendant complains of the action of the trial court in directing a verdict, and of certain rulings on the admission of evidence.

Plaintiff's employment to sell the land for defendant is admitted by the answer. The contract was in writing, signed by defendant, and reads as follows: "Agreement between Ole Nokleby and Anton Docken are following: For ¼ section of land at $37.50 per acre if sale can be closed then Docken is to pay $100 in commission to Nokleby."

It is admitted that plaintiff procured a purchaser and that defendant and this purchaser entered into a written contract by the terms of which defendant agreed to convey the land to the purchaser for the sum of $6,000, which the latter agreed to pay in annual instalments of $100 each, with interest. This contract was executed and acknowledged by defendant and the purchaser. Neither in the body of the contract nor in the acknowledgment is there any mention of the vendor's wife, but there was evidence that she was expected to execute it later. It appears that she refused, though defendant was satisfied and willing to carry out the contract.

We think the trial court was correct in the view that it conclusively appeared that plaintiff had performed his contract and earned his commission. It was no fault of his that the contract was not carried out. He should not suffer because defendant's wife refused to execute the contract after he had procured a purchaser ready, able and willing to buy on terms that were satisfactory to defendant. The latter testified that the terms were satisfactory to him, the price was that named in the commission contract, and it does not appear that plaintiff undertook to satisfy defendant's wife. It is true that plaintiff was to have his commission "if sale can be closed," but this sale was closed as far as plaintiff, defendant and the purchaser could close it.

Error is assigned in the rejection of evidence offered to show that the contract of sale executed by defendant and the purchaser, was not delivered, the claim being that the delivery was conditioned upon defendant's wife signing. We discover no error here. The fact remains that plaintiff performed his contract.

Defendant offered in evidence the record in an action brought by the purchaser against him to recover damages for breach of the sale contract, and assigns the rejection of this evidence as error. We think the ruling was correct. Plaintiff was not a party to this suit and the verdict in favor of the defendant could not bind him or affect his right to recover in the present case.

We find no error that should affect the result, and conclude that the trial court was right in refusing a new trial.

Order affirmed.