## ED. LOWRIE AND OTHERS v. ELLING T. CHRISTENSON.[1]

December 4, 1925.

No. 24,690.

**Exchange of property set aside for fraud.**

The evidence considered and *held* sufficient to justify the findings of fraud, and that the conclusions of law are justified by the findings of fact.

See Exchange of Property, 23 C. J. p. 240, § 95; Trial, 38 Cyc. p. 1986.

Action transferred to the district court for Becker county. The case was tried before Roeser, J., who ordered judgment in favor of plaintiffs. Defendant appealed from the judgment. Affirmed.

*Leonard Eriksson* and *Martin O. Brandon,* for appellant.

*Jesse A. Schunk,* for respondent.

[1]Reported in 206 N. W. 390.

QUINN, J.

Action to rescind a contract for the exchange of real estate, to cancel certain conveyances made thereunder, and to reinvest plaintiffs with the property parted with, upon the ground of fraud alleged to have been practiced upon the plaintiffs by the defendant and his agents. A trial was had, findings were made, and judgment ordered in favor of the plaintiffs. Defendant moved for amended findings and for judgment in his favor and, if that be denied, then for a new trial. The motion was denied, judgment was entered, and the defendant appealed therefrom.

The decisive question presented by this appeal is whether the findings and judgment are warranted by the proofs. The plaintiffs, Edward and Clarence Lowrie, are father and son. Edward owned a farm of 120 acres in Otter Tail county, which was encumbered to the extent of $2,400. Clarence owned a farm of 80 acres in Becker county, encumbered to the extent of $4,000, and the defendant owned 320 acres in Roseau county, encumbered to the extent of $8,000.

The father was desirous of procuring more land so that his several children might work the same together and so informed his brother-in-law, John Fox, who resided and owned land in Roseau county. Thereafter Fox urged the father to come to Roseau county and look over the land. Subsequently, Edward started for Roseau county. Fox, in company with Ole Hereim, both agents of the defendant, met Edward and showed him the defendant's land. This was late in October. As found by the trial court and as appears from the evidence, Lowrie made a partial inspection of the land in question but, owing to the lateness of the season, coupled with his unacquaintance with that part of the state, he did not discover the true character and condition of the place.

It is contended on behalf of respondents, and the trial court found as matters of fact, that the defendant and his agents, Fox and Hereim, in order to induce the plaintiffs to enter into a contract for the exchange of such farms, falsely and fraudulently represented and stated to the plaintiff Edward Lowrie that all of the defendant's land referred to was in excellent condition for farming and

that it was not infested with foul weeds and seeds to an extent that would interfere with its productiveness; that plaintiffs, believing such statements and representations to be true and in reliance thereon, entered into the contract in question and executed conveyance of their farms in exchange for a deed of the defendant's land. It appears that none of the plaintiffs again saw the Roseau county land until in August of the following year, when they discovered, for the first time, that the statements and representations made by the defendant and his said agents, with reference to the character and condition of the same, were false and untrue, and that the land was not in a fit condition for cropping and that the same was infested with foul and noxious weeds, such as quackgrass, wild oats, Canadian thistle, sow thistle and the like, to such an extent that its productiveness was practically destroyed.

We are of the opinion that the findings of the trial court, relating to the question of false representations by the defendant and his agents, the reliance of the plaintiffs thereon in entering into the contract, as well as to the time plaintiffs discovered the falsity thereof, are amply supported by the evidence. There is no merit in the contention that the plaintiffs inspected the Roseau county land with full opportunity to discover its condition as to being infested with noxious weeds. When the senior Mr. Lowrie viewed the land, it was late in October when much of such condition would be invisible upon so slight an inspection as he could make in the time spent. The alertness of defendant's agents is very suggestive to say the least. The court saw the witnesses, listened to their testimony, made findings of fact and subsequently refused to change or modify the same. The real question is, was the land of the kind, quality and in the condition it was represented, and whether plaintiffs relied upon such representations. Hirschman v. Healy, 162 Minn. 328, 202 N. W. 734. There seems to be no claim but that the land was about as thoroughly contaminated with noxious weeds as it well could be.

It is also contended, on behalf of the defendant, that Fox was acting as agent for plaintiffs as well as for the defendant in this transaction, and that such a dual agency allows the defendant the

right to profit as best he might through the representations of such agent. We are unable to concur in such contention. A broker owes the utmost good faith to his principal. Kingsley v. Wheeler, 95 Minn. 360, 104 N. W. 543. If the agent was, as it seems probable, acting in a dual capacity, and the deception was practiced upon one of his principals, it can avail the other nothing. This is true because an agent owes to his principal the duty of making a full and fair disclosure of all the circumstances affecting the rights of the principal. If such fraudulent statements were, in fact, made by Fox to the plaintiffs or either of them, they were, as found by the trial court, participated in by the defendant.

It must be remembered that when an action is tried by a court, without a jury, its findings of fact are entitled to the same weight as the verdict of a jury and will not be reversed unless they are palpably contrary to the evidence. This rule applies whether the appeal is from a judgment, or from an order granting or denying a new trial. See Dun. Dig. § 411, and the long line of Minnesota decisions there cited.

Affirmed.