JOHN P. SINNA AND ANOTHER v. SPERRY REALTY & INVESTMENT COMPANY.[1]

August 15, 1930.

No. 27,518.

[1]Reported in 232 N. W. 5.

184

*Oscar Hallam,* for appellant.

*Oppenheimer, Dickson, Hodgson, Brown & Donnelly,* for respondents.

DIBELL, J.

This is an action to recover of the defendant, alleged to be the agent of the plaintiffs in procuring an exchange of lands, an amount received by it from the other party to the exchange to be applied as boot money on the exchange, which the defendant retained for its own use. There were findings for the plaintiffs, and the defendant appeals from the order denying its motion for a new trial.

In November, 1926, the plaintiffs were the owners of a 40-acre farm in Ramsey county, subject to a mortgage, in which they claimed their equity was $6,000. One Mary Selly, of whom A. J. Selly was the husband, was the owner of a lot in St. Paul, subject to a mortgage, in which they claimed the equity was $5,050.

The plaintiffs employed the defendant to procure a purchaser for the 40-acre tract or to secure town property in St. Paul in exchange for it. The defendant advertised, and in response A. J. Selly appeared and negotiations commenced. They were conducted through one Shircliff, a representative of the defendant, for whose acts it was liable.

The plaintiffs were willing to exchange the 40 for the lot upon payment of $950 boot money. The Sellys were willing to trade but had no money. The court found on sufficient evidence that Shircliff importuned the plaintiffs to make the exchange without a differential and represented that the Sellys would give no more. The plaintiffs finally agreed to an even exchange if they were relieved of the payment of a $200 commission. The Sellys told Shircliff that they had a vendor's contract for something like $1,600 which they would sell at a ten per cent discount and suggested in effect that the trade might be carried out by using it. The Sperry company entered into a contract by which the Sellys were to trans-

fer the vendor's contract and convey the town lot to the defendant or to whomsoever it directed. The exchange was made, deeds passed back and forth between the Sinnas and the Sellys, and all now have the property they wanted and now want. But the Sinnas did not receive the $950 boot money. The defendant has it. The Sinnas were not told about it. The facts found by the court constituted a fraud upon the Sinnas. Robyn v. White, 153 Minn. 76, 189 N. W. 577; Pegors v. Huff, 153 Minn. 253, 190 N. W. 43. It is unnecessary to analyze the basis of it—clearly it was a fraud. We do not discuss the facts as the defendant claims them to be. The court did not find them in accordance with the defendant's claim, and the finding which is made is sustained.

■ The defendant cannot recover or keep the agreed commission of $200. If it had carried out the contract in good faith it would be entitled to it. Under the finding of the court it was disloyal and unfaithful to the plaintiffs and cannot have compensation. Davis v. Swedish-Am. Nat. Bank, 78 Minn. 408, 80 N. W. 953, 81 N. W. 210, 79 A. S. R. 400; Church v. Odell, 100 Minn. 98, 110 N. W. 346; Blackey v. Alexander, 156 Minn. 478, 195 N. W. 455; In re Disbarment of Buck, 171 Minn. 352, 214 N. W. 662; Faber v. Enkema, 180 Minn. 493, 231 N. W. 410, and cases cited; 1 Dunnell, Minn. Dig. (2 ed.) § 700; 6 C. J. 722, § 290.

Some of the facts recited are involved in Selly v. Sperry R. & I. Co. 181 Minn. 186, 232 N. W. 6.

Order affirmed.