ANTHONY J. SELLY AND ANOTHER v. SPERRY REALTY &
INVESTMENT COMPANY.[1]

August 15, 1930.

No. 27,668.

*Oscar Hallam,* for appellant.
*Thomas I. Foster* and *Frank E. Clark,* for respondents.

STONE, J.

Plaintiffs had a directed verdict, and defendant appeals from the order denying its alternative motion for judgment notwithstanding or a new trial.

Defendant is a corporation engaged in the real estate brokerage business in St. Paul. The gist of plaintiffs' cause of action is that in acting as their agent in an exchange of real estate with one Sinna defendant made a secret and illegal profit. (The transaction produced two lawsuits, the other being Sinna v. Sperry R. & Inv. Co. 181 Minn. 183, 232 N. W. 5.) But there is evidence that when the deal was finally made and the exchange with Sinna consummated the defendant was not acting as agent for plaintiffs. One Shircliff was the sole representative of defendant. He testifies in substance that there was a distinct understanding between himself and plaintiffs that "this was a deal between him [plaintiff Anthony J. Selly] and the Sperry Realty Company as principals and that there was no commission in the deal and whatever we made would be made out of the negotiation of the deal." That the transaction was

[1]Reported in 232 N. W. 6.

consummated by a contract between them as vendors and defendant as vendee is not controlling. That might have been the case even though the defendant was plaintiffs' agent. The important thing now is the unequivocal testimony for defendant that when the deal was finally made the parties, plaintiffs on the one side and defendant on the other, were dealing "as principals and that there was no commission in the deal" and that defendant "would make what we could out of the deal" otherwise.

The presence of that testimony in the record made an issue of fact, and in consequence it was error to direct a verdict. Even though the relation of principal and agent had existed to start with, it was competent for the parties to terminate that relationship and substitute that of ordinary seller and buyer. 9 C. J. 539; Sonnesyn v. Hawbaker, 127 Minn. 15, 148 N. W. 476.

Order reversed.