# B. W. SCHIMMELPFENNIG v. FRED GAEDKE.[1]

May 9, 1947.

No. 34,345.

*Charles W. Kennedy* and *Jesse A. Schunk,* for appellant.

*Logan O. Scow,* for respondent.

[1] Reported in 27 N. W. (2d) 416.

PETERSON, JUSTICE.

This is an appeal from the order denying plaintiff's motion for a new trial after verdict in favor of defendant.

The questions for decision are: (1) Whether as a matter of law a real estate broker procures a purchaser of land where he finds a prospective buyer, sends the buyer to the principal, informs the principal that the buyer is coming, and the buyer on the same day purchases the real estate from the principal at the price demanded by the principal; and (2) whether plaintiff, suing under a common count for the value of services rendered in procuring a purchaser for defendant's land, was entitled to have the jury determine whether he was entitled to recover under an express contract, and, if it found that there was no express contract, upon a *quantum meruit*, where plaintiff's evidence was to the effect that the services were rendered under an express contract to pay a certain percentage of the selling price and defendant's evidence was to the effect that there was no contract at all, but the evidence of both parties showed that the services were rendered under such circumstances that, if there was a contract, they were in performance thereof, and, if there was no contract, the defendant was liable upon a *quantum meruit* for the reasonable value thereof.

These questions arise out of a rather simple set of facts. Plaintiff, a real estate broker, alleged in his complaint that defendant was indebted to him in the sum of $250 for services rendered by plaintiff at defendant's request in the sale of certain real estate. Plaintiff's evidence was to the effect that defendant hired him to procure a purchaser of his farm for $5,000 and agreed to pay him, if successful, a commission of five percent for his services; that in August 1945 plaintiff had interested one Ole Lindelien as a prospective purchaser; that at the time Lindelien was a total stranger to defendant; that plaintiff went to defendant's farm, where he informed him that he had a "buyer," Lindelien; that he would send Lindelien out to his farm to discuss the matter with him; that afterward, as a result of plaintiff's efforts, Lindelien did go out to defendant's farm; that they had some negotiations, in which Lindelien offered $4,500 for

the farm, which defendant declined; and that the parties then went to a nearby blacksmith shop, where negotiations were resumed, with the result that Lindelien bought the farm for $5,000, paying $600 down and the balance during the following November.

Defendant's answer was a general denial. His evidence was to the effect that he had not employed plaintiff as a broker, either as claimed by him or otherwise; that plaintiff called on him either on the day before or on the same day Lindelien agreed to purchase his land; that plaintiff then and there informed defendant that plaintiff was going to send Lindelien out to the farm; that Lindelien came for the purpose of buying the farm; that Lindelien told defendant that plaintiff had told him that the farm was for sale; and that as a result of the negotiations mentioned defendant sold the farm to Lindelien.

Upon the trial the court submitted to the jury the questions whether there was an employment of plaintiff by defendant to procure a purchaser and whether, if so, plaintiff procured a purchaser. The trial judge refused to submit the question whether, if there was no contract of employment, defendant was liable under the circumstances upon a *quantum meruit*. No complaint is made here concerning the submission of the question concerning the fact of employment; but plaintiff challenges the instructions submitting the question as to whether he procured a purchaser and the failure to submit the question whether defendant was liable upon a *quantum meruit*.

The instruction concerning procuring of the purchaser here challenged reads:

"* * * The broker must do more than insert an advertisement in the for-sale column of a newspaper. He must do more than merely pass on the information that the property is for sale at a price. He must produce a buyer who is able, willing and ready to buy on the owner's authorized terms. He must bring that buyer and his principal together effectively. A broker who merely tells someone that another's property is for sale at a price cannot thereby fence off the deal as his own and collect a commission on it even

though the one to whom he has passed the information does in fact contact the owner and purchases the property. The broker's services must have been the effective means of bringing about the actual sale. To prevail in this case plaintiff must prove that he produced a purchaser who was ready, willing and able to buy upon defendant's terms; that is, ready, able and willing to buy upon terms acceptable to defendant."

■ Where a real estate broker employed to procure a purchaser of land finds a customer ready, able, and willing to purchase on the terms proposed by his principal, brings the customer and the principal together or causes them to come together, and the customer purchases the land upon the principal's terms, the broker has procured the purchaser and earned the compensation (here, the commission) stipulated for such service. Meiners v. Kennedy, 221 Minn. 6, 20 N. W. (2d) 539. Where the facts are not in dispute that the broker did in fact find the customer, cause the customer and his principal to come together, and the customer purchases on the terms proposed by the principal, the broker is entitled to a peremptory instruction that he has procured the purchaser and earned his compensation. Here, the court should have directed the jury to return a verdict for plaintiff if it found that there was an employment as he claimed. Nokleby v. Docken, 134 Minn. 318, 159 N. W. 757.

The vice in the charge consists not only of the fact that it failed to instruct the jury that plaintiff had fulfilled his contract of employment, if he had one; but also that it in effect instructed the jury that he had failed to do so. Plaintiff's right to recover was based upon the facts that he discovered Lindelien as a buyer ready, able, and willing to buy; that he informed him that defendant's farm was for sale; that as consequence plaintiff got him interested as a prospective customer; that plaintiff *caused* Lindelien and defendant to come together for the purpose of negotiating concerning the sale; and that as a result of such negotiations a sale resulted. All these facts were eliminated piecemeal by the charge as a basis for recovery. The insertion of the advertisement in a newspaper, if any, and the oral negotiations were eliminated as being in themselves

insufficient. Then the fact that plaintiff *caused* Lindelien and defendant to come together, with the result that a sale occurred, was eliminated by the requirement of the charge that the broker *"must bring* that buyer and his principal together effectively." (Italics supplied.) Of course, plaintiff did not *bring* Lindelien and defendant together; but he did *cause* them to come together by sending Lindelien to defendant, and that is all that was required under the circumstances to entitle him to recover.

Part of the charge undoubtedly was taken from our decision in Carney v. John Hancock Oil Co. 187 Minn. 293, 295, 245 N. W. 367, 368, where we said:

"* * * A broker does not earn his commission simply by telling one who afterwards purchases that a property is for sale. He does not thereby fence off the whole deal as a private preserve for himself."

In that case, the language was appropriate as a forceful expression to emphasize that a broker does not earn his commission under a nonexclusive agency contract to procure a purchaser by simply mentioning to a prospective customer that the property is for sale according to certain terms, where he does not succeed in bringing together the customer and his principal, or cause them to come together, and a sale results from the efforts of another broker who does succeed in bringing the same customer and principal together. We were careful to point out there that a broker must not only *find* the customer, but he must *produce* him—that is, he must either bring the customer and his principal together, or cause them to come together, and a sale must result as a consequence. Under the rule of the Carney case, plaintiff was entitled to a peremptory instruction that he had procured Lindelien as a purchaser. In the Carney case, plaintiff as broker had failed to bring the customer and his principal together or cause them to come together. "That fact [bringing the customer and principal together]" we there said (187 Minn. 299, 245 N. W. 369), "is conspicuously absent here." In the instant case, plaintiff as broker *caused* defendant as vendor and Lindelien as vendee to come together, and as a result a sale was made upon defendant's

terms. The instruction is an apt illustration of the fact that reading an excerpt from an opinion out of its context and without regard to the facts with respect to which it was used may be very misleading, as it was here.

■ Where a broker renders services in procuring a purchaser under such circumstances as to show that he expects to be paid for them as a matter of right and the person for whom they are rendered does nothing to disabuse him of this expectation, but permits him to render the services, the broker is entitled to recover in quasi contract for the benefits thereby received by the party for whom the services were rendered. Annabil v. Traverse Land Co. 108 Minn. 37, 121 N. W. 233; Restatement, Contracts, § 72(1) (a).[2]

There can be no doubt that under a common count a plaintiff may recover on either an express contract or in quasi contract. Benedict v. Pfunder, 183 Minn. 396, 237 N. W. 2; Kinzel v. Boston & Duluth Farm Land Co. 124 Minn. 416, 145 N. W. 124. While it has been held that where plaintiff alleges both an express contract and a quasi contract he may be required to elect upon which he will stand, that question is not before us, because no demand was made at the trial that plaintiff be required to elect. Defendant not only did not ask the court to require plaintiff to make an election as to whether he would stand upon the express contract or the liability upon a *quantum meruit,* but insisted that the question of liability upon a *quantum meruit* was not in the case at all. Although the question is not here involved, we point out, lest we be misunderstood, that we have held that in cases like the one at bar it is improper to require an election. Theodore Wetmore & Co. v. Thurman, 121 Minn. 352, 141 N. W. 481.

After all, it is to be remembered that one of the great objects of code pleading is to abolish technicalities, to the end that the facts alleged should constitute the basis of the party's right of recovery

---

[2]In accord: Benedict v. Pfunder, 183 Minn. 396, 237 N. W. 2; Meyer v. Saterbak, 128 Minn. 304, 150 N. W. 901; Lufkin v. Harvey, 125 Minn. 458, 147 N. W. 444; Kinzel v. Boston & Duluth Farm Land Co. 124 Minn. 416, 145 N. W. 124; 2 Dunnell, Dig. & Supp. §§ 1904, 1905; 3 Dunnell, Dig & Supp. §§ 4301, 4303.

or defense. Plaintiff may allege all the facts which give rise to his cause of action and may recover if he proves enough of such facts to entitle him to relief, even though the cause of action thereby established may be different from the one alleged by the entire complaint. Or, as it is said, if plaintiff establishes a right to recover within the allegations of the complaint, he has a right to have the cause retained, tried, and proper relief administered upon the facts proved. Smith v. Smith, 204 Minn. 255, 283 N. W. 239; Tuder v. Oregon Short Line R. Co. 131 Minn. 317, 155 N. W. 200.

Of course, where there is an express contract, there can be no contract implied in fact or quasi-contractual liability with respect to the same subject matter. The express contract excludes both. Independent School Dist. v. City of White Bear Lake, 208 Minn. 29, 292 N. W. 777. Parties to an express contract are entitled to have their rights and obligations with respect to its subject matter determined exclusively by its terms. Ylijarvi v. Brockphaler, 213 Minn. 385, 7 N. W. (2d) 314; Northwestern Marble & Tile Co. v. Swenson, 139 Minn. 365, 166 N. W. 406. So here the express contract, if any, governed. But, if there was no express contract and the facts permitted, plaintiff was entitled to recover upon a *quantum meruit*. Here, if there was no express contract, plaintiff was entitled as a matter of law to recover upon a *quantum meruit*. The only difference between recovery upon the express contract and upon quasi contract is that in the former case the contract measures the required performance and the amount of the recovery and in the latter the benefits received by the defendant measure his liability according to the reasonable value thereof. The question of the reasonable value of the benefits was eliminated by a stipulation upon the trial that if plaintiff was entitled to recover at all the amount of the recovery should be $250. It is impossible in most cases to determine in advance whether the trier of fact will find in favor of or against an express contract. If plaintiff cannot have the jury pass on liability both under an express contract and a quasi contract, he must assume the risk as to what the finding might be. The elimination of such risks was one of the objects of abolishing technicalities in pleading. The

action of assumpsit perhaps had accomplished that result before the codes were adopted. Anderson v. Biesman & Carrick Co. 287 Ill. App. 507, 4 N. E. (2d) 639, noted in 21 Minn. L. Rev. 756. In Kruta v. Lough, 131 Minn. 13, 14, 154 N. W. 514, we said:

"* * * Of course if there is a contract price the recovery must be of that and cannot be of the reasonable value, but the notion that the plaintiff must at his peril state the precise measure of recovery which his evidence will sustain is erroneous."

As said in Cochran v. Craig, 88 W. Va. 281, 296, 106 S. E. 633, 639: "The law does not compel a plaintiff to elect at his peril between alternative claims." See, 17 C. J. S., Contracts, § 569c. As a matter of procedure, the court should submit the case to the jury under both an express contract and a quasi contract.

The instructions should state that if there is an express contract it governs in all particulars, but that if there is no express contract and the evidence supports findings of fact upon which a quasi-contractual liability may be predicated the jury should determine whether there is such a liability. In such a case there may be liability on either ground, but not on both. City of St. Charles v. Stookey (8 Cir.) 154 F. 772. In Sturtevant v. Fiss, Doerr & Carroll Horse Co. 173 App. Div. 113, 115, 159 N. Y. S. 399, 400, the court said:

"* * * The law is well settled that where an action is brought upon a special contract of employment, a recovery may be had upon a *quantum meruit* when the special promise is not established, but the evidence does, in fact, show the rendition of services under circumstances which imply an agreement to pay therefor."

See, Harmon v. Alfred Peats Co. 243 N. Y. 473, 154 N. E. 314. By such a procedure the rights of the parties may be litigated fully in one action and full justice done.

Here, the trial judge erred in refusing to let the jury pass on the question whether defendant was liable in quasi contract. In fact, he should have instructed the jury that under the facts shown, since they were not in dispute, plaintiff was entitled to recover upon such

ground.   The appeal here being from an order denying plaintiff's motion for a new trial, we cannot so direct.

Reversed and new trial granted.