# LYLE FULSOM AND ANOTHER v. RUSSELL T. EGNER, WHOSE TRUE NAME IS RUSSELL F. EGNER.

79 N. W. (2d) 25.

October 19, 1956—No. 36,939.

*Erling Swenson,* for appellant.
*Samuel H. Bellman* and *Mitchel I. Kirshbaum,* for respondents.

FRANK T. GALLAGHER, JUSTICE.

Appeal from an order of the district court denying a motion of the defendant, Russell F. Egner, for a judgment notwithstanding the verdict or in the alternative for a new trial.

This is an action involving a claim by the plaintiffs, Lyle Fulsom and Amy Fulsom, against the defendant for money deposited with him as their real estate agent under an earnest money contract entered into by the Fulsoms as vendors and one Fredrikka J. Hanson as vendee. The earnest money contract was subsequently cancelled out by the Fulsoms because of nonperformance on the part of Mrs. Hanson.

A review of the record discloses that sometime in the latter part of January or the early part of February 1952 the Fulsoms entered into an agreement with Egner to sell their home. On February 9, 1952, Egner presented an earnest money contract to the Fulsoms which provided for payment by Mrs. Hanson of $300 upon the execution of the contract, $400 by February 16, and a further payment of $4,300 by March 25, 1952, the date the deal was to be closed. As it turned out, Mrs. Hanson was unable to procure the $4,300 due on March 25. It is apparent from the record that she had expected to receive this money from a lawsuit pending at the time, but it did not materialize. She also was of the opinion that she would be able to write to her husband, who was employed in Guam, for the money, but she was also unable to raise it in that manner.

The defendant Egner does not deny that he knew at all of the pertinent times that Mrs. Hanson's ability to produce the $4,300 was contingent upon the favorable outcome of a pending lawsuit

or the ability of her husband to produce the money. However, the Fulsoms contend that Egner did not inform them of those facts prior to March 26, the day following the date provided in the earnest money contract for closing the transaction.

The jury returned a verdict for the Fulsoms in the sum of $700 plus interest from February 11, 1952.

The pertinent legal questions raised by defendant on appeal are:

(1) That the court erred in denying defendant's alternative motion for judgment notwithstanding the verdict, or an order setting aside the verdict, or for a new trial.

(2) That the verdict is contrary to law in that even if Egner did not fully inform the Fulsoms he was not required to do so.

(3) That the court erred in admitting certain testimony objected to by the defendant.

(4) That the court failed to properly instruct the jury.

■ With respect to defendant's first contention, the rule in this state is that a motion for judgment notwithstanding the verdict will be granted only when the evidence is conclusive against the verdict. Trovatten v. Hanson, 171 Minn. 130, 213 N. W. 536. Such a motion accepts the view of the evidence most favorable to the verdict and admits every inference reasonably to be drawn from such evidence as well as the credibility of the testimony for the adverse party. If the application of this rule in the light of the evidence as a whole discloses a reasonable basis for the verdict the motion will be denied. Mayzlik v. Lansing Elev. Co. 241 Minn. 468, 63 N. W. (2d) 380. In other words, a verdict must be accepted as final by both the trial court and the Supreme Court if it has reasonable support in the evidence. Peterson v. Jewel Tea Co. Inc. 228 Minn. 521, 38 N. W. (2d) 51.

It is true, as the defendant points out, the evidence is sharply conflicting in this case. There is testimony in the record by the defendant, Egner, and the vendee, Mrs. Hanson, that the Fulsoms were fully informed before the earnest money contract was signed that Mrs. Hanson's ability to raise the $4,300 prior to March 25 was dependent upon certain contingencies. On the other hand both

Mr. and Mrs. Fulsom testified that they had no knowledge of those facts and that neither Egner nor Mrs. Hanson informed them of the facts surrounding her possibilities of raising the money in question.

The defendant also points to certain inconsistencies in the testimony of Mr. and Mrs. Fulsom with respect to the dates and number of times they met with Egner and Mrs. Hanson. The weight of contradicted evidence and credibility of witnesses are questions for the determination of the jury, and where alleged inconsistencies in the testimony of a party are not conclusive they are merely matters for the jury to consider in determining the weight and credibility to be given his testimony. Mayzlik v. Lansing Elev. Co. *supra,* and Schneider v. The Texas Co. 244 Minn. 131, 69 N. W. (2d) 329.

This case was tried almost four years after the occurrence of the events involved. The Fulsoms explained that they were testifying in regard to the dates and the number of meetings with the parties involved to the best of their recollections. On the other hand they both said positively that Egner had not disclosed to them the manner in which Mrs. Hanson planned to raise the money. Therefore, in accordance with the above cited rule, the weight and credibility to be placed upon their testimony was properly for the jury to determine. After carefully examining the record as we must in the light most favorable to the prevailing party, it is our opinion that the record shows a reasonable basis for the verdict and that the trial court did not err in denying either the alternative motion of the defendant or the motions for a directed verdict at the close of plaintiff's case and at the close of the testimony.

■ With reference to defendant's contention that the verdict is contrary to law, he argues that, even if he did not fully inform the Fulsoms at the time the earnest money contract was to be entered into as to how the purchaser expected to raise the money, he was not required to do so under the law. It is true that ordinarily the execution of an earnest money contract by the vendor manifests his acceptance of the vendee's financial status and relieves the agent procuring the prospective purchaser from further liability on this issue. Hare v. Bauer, 223 Minn. 285, 26 N. W. (2d) 359. However,

in the Hare case this court stated that the general rule is subject to limitations (223 Minn. 291, 26 N. W. [2d] 362):

"* * * This rule, however, is subject to limitations. The agent must have dealt fairly with his principal, and if he presents a person known to be incapable of performance and fails to disclose this or other pertinent facts to his principal, he is guilty of fraud and bad faith and forfeits his right to compensation. Francis v. Baker, 45 Minn. 83, 47 N. W. 452; Meyer v. Keating L. & M. Co. 126 Minn. 409, 148 N. W. 452; Lowrie v. Christenson, 165 Minn. 181, 206 N. W. 390; Sinna v. Sperry Realty & Inv. Co. 181 Minn. 183, 232 N. W. 5. When such circumstances are present, the principal may show the prospective purchaser's lack of financial worth; his inability or failure to perform the contract; and, where a contract has been executed prior to discovery of such information, that it would not have been executed had the true facts been known and was cancelled by consent of the parties thereto immediately upon discovery thereof. No liability for the agent's commission arises when such facts are established. Martinson v. Hensler, 132 Minn. 437, 157 N. W. 714, 991; Meyer v. Keating L. & M. Co. *supra.*"

In our opinion the Hare case is controlling on the issue at bar. Accepting the facts most favorable to the verdict, Egner did not make a full disclosure to the Fulsoms and they executed the earnest money contract without knowledge of pertinent facts. There is further evidence in the record that they would not have done so had they known Mrs. Hanson's ability to raise the $4,300 was dependent upon her receiving money from a lawsuit in which she was involved or, in the event that she was unsuccessful there, upon her securing the money from her husband who was absent from the country at the time. Therefore, in our opinion under the rules controlling this case the jury's verdict was not contrary to law.

■ In regard to the defendant's claim that the court erred in the admission of certain testimony, the record shows that the court allowed into evidence an earnest money contract on a house that Fulsoms purchased after signing the earnest money contract with Mrs. Hanson. It also permitted testimony by Mr. Fulsom that he

and his wife had to have another place in which to live after selling their home to Mrs. Hanson; that he did enter into an agreement to purchase another house; that the purchase price of that house was $16,900; and that he expected to use the money he thought he was going to receive from Mrs. Hanson toward the purchase price of the other house. Defendant contends that this evidence was irrelevant and immaterial and highly prejudicial towards him. Questions of materiality and relevancy of evidence rest largely in the discretion of the trial court and its determination must control unless practical justice requires otherwise. Meemken v. O'Hara, 243 Minn. 138, 66 N. W. (2d) 601. See, also, 7 Dunnell, Dig. (3 ed.) § 3251, and cases cited therein. It is apparent here that the court must have determined that these facts tended to show that the Fulsoms were relying on the ability of Mrs. Hanson to produce the money at the time provided for in the earnest money contract and that they had no knowledge that her ability to furnish that money was dependent upon certain contingencies. Thus it must be held that the trial court did not abuse its discretion in admitting this evidence.

Defendant also assigns as error the failure of the trial court to give certain instructions referred to in the record. While defendant did not argue this point or cite any cases with respect to it we have considered the question and deem it to be without sufficient merit to justify a new trial.

Affirmed.