EDGAR E. JENSEN, d.b.a. JENSEN REALTY COMPANY,
v. CLIFFORD AABY.

111 N. W. (2d) 779.

November 17, 1961—No. 38,404.

*Oscar C. Ronken* and *Richard A. Gullickson,* for appellant.

*Ronald L. Seeger* and *Pemberton, Michaels, Bishop & Seeger,* for respondent.

Frank T. Gallagher, Justice.

Appeal from a judgment of the district court.

The uncontradicted testimony can be summarized as follows: Defendant owned a house in Rochester, Minnesota. He listed it for sale with three brokers, including the plaintiff and one Martin Brennan. The contract with plaintiff provided for a $500 commission if the house was sold for $18,000.

A salesman for plaintiff showed the house to Martin Nass on Friday, October 2, 1959, and made arrangements for Nass and his family to inspect the house later that same day, which they did. Mr. and Mrs. Nass testified that they were not interested in the house to the point of actually buying it, on that day.

Mr. Nass telephoned plaintiff's salesman on Monday, October 5, to obtain the name of the owner and learned it was defendant. He then telephoned defendant, and he and his wife met defendant at the house that evening to view the property again. Mr. Nass informed defendant at that time that one of plaintiff's salesmen had already shown him the property. Nass further testified that he then tried to buy directly from defendant because he was dissatisfied with and would not deal through plaintiff but that the defendant refused to sell to him directly. He claims that he then asked the defendant if it would be all right with him if he made a deal with Brennan and was told, "Yes." This testimony was not contradicted by the defendant.

Mr. Nass obtained a key to the house from defendant and viewed the property again on Tuesday evening. He contacted Brennan Wednesday morning, October 7, and later that day signed an earnest money contract to purchase the house for $17,700. Brennan never showed the property to Nass but received $200 as a commission, out of which Brennan paid the closing costs and expenses of the sale.

At the close of plaintiff's evidence, defendant moved for a directed verdict, and at the close of all the evidence, both parties moved for a directed verdict. The court denied all of these motions. The jury thereafter returned a verdict for plaintiff for $150. Defendant then moved for judgment in his favor notwithstanding the verdict, and plaintiff moved for judgment for $500 notwithstanding the verdict or for a new trial. The court denied defendant's motion and granted plaintiff's motion for judgment and denied his alternative motion. Judgment was entered for $500 with interest and costs, totaling $561.85, from which judgment defendant took this appeal.

Defendant assigns as error the refusal of the district court to instruct the jury in certain particulars. We have examined the requested instructions and hold that under the record here the action of the trial court did not constitute reversible error. In addition the refusals are

not reviewable on appeal here inasmuch as the defendant did not move for a new trial. Heise v. The J. R. Clark Co. 245 Minn. 179, 71 N. W. (2d) 818.

The denial of defendant's motions for a directed verdict and for judgment notwithstanding the verdict, as well as the granting of plaintiff's motion for the full amount of his claim, are also assigned as errors by the defendant.

■ The rule as to when a broker has performed sufficient services to earn his commission has been well stated by this court in Schimmelpfennig v. Gaedke, 223 Minn. 542, 545, 27 N. W. (2d) 416, 419, as follows:

"Where a real estate broker employed to procure a purchaser of land finds a customer ready, able, and willing to purchase on the terms proposed by his principal, brings the customer and the principal together or causes them to come together, and the customer purchases the land upon the principal's terms, the broker has procured the purchaser and earned the compensation (here, the commission) stipulated for such service."

In that case the broker informed defendant that he had a buyer for him, and then sent the buyer out to talk to defendant, at which time a sale was negotiated. This court held that the failure of the plaintiff-broker himself to negotiate the sale did not deprive him of his compensation; it is sufficient that he *caused* the parties to come together. See, also, Neumeier v. Sperzel, 223 Minn. 60, 25 N. W. (2d) 651.

Defendant cites Carney v. John Hancock Oil Co. 187 Minn. 293, 295, 245 N. W. 367, 368, as controlling. In that case the plaintiff-broker found a possible purchaser, but was not able to get seller and buyer to correspond. Some 6 months later another broker, who had been actively conducting negotiations, succeeded in completing the sale. The verdict was directed against the plaintiff and he appealed. In affirming the trial court we stated that a broker does not earn his commission merely by telling someone who later purchases a property that it is for sale. If another broker is selected by the purchaser to complete the negotiations the first broker is not entitled to his commission, provided there was good faith all around.

The present case, however, is quite unlike the Carney case. Here, as in Schimmelpfennig v. Gaedke, *supra,* plaintiff caused defendant and the purchaser to come together and also actually showed the property to the purchaser. Here, too, the second broker was not an active competitor for the purchaser's business, but was simply used as a means of avoiding doing business with plaintiff. In the Carney case 6 months elapsed between the date of plaintiff's contact with the purchaser and the sale through another broker. In this case the interval was less than 6 days.

The motions of defendant for a directed verdict and for judgment notwithstanding the verdict accept the view of the evidence most favorable to the adverse party (the plaintiff here). Kolatz v. Kelly, 244 Minn. 163, 69 N. W. (2d) 649; Fulsom v. Egner, 248 Minn. 156, 79 N. W. (2d) 25.

Applying the rule of law set forth in the Schimmelpfennig case, it is our opinion that the evidence is clearly sufficient to sustain the judgment. The jury could certainly find that plaintiff had procured a buyer who was ready, willing, and able to buy the property upon terms acceptable to the defendant, that plaintiff had caused the parties to come together, and that he therefore had earned his commission. The trial court did not err in denying the motions of defendant for a directed verdict and for judgment notwithstanding the verdict.

■ The amount of the commission to which plaintiff is entitled presents the other question on appeal. The answer of the defendant admitted that the agreed commission was $500, and there was no dispute on this point at the trial. The jury, however, brought in a verdict for plaintiff for $150. The court granted plaintiff's motion for judgment for the full amount claimed, stating: "The jury determined that plaintiff was entitled to a commission; if he was entitled to any, he was entitled to his full commission."

The defendant claims, however, that this was obviously a compromise verdict. It may well be that the jury did *not* determine that plaintiff was entitled to a commission—that some members may have thought so, and some not, agreement finally being reached only by accepting the figure of $150. Such a verdict determines nothing, and cannot be ac-

cepted. Blume v. Ronan, 141 Minn. 234, 169 N. W. 701; Dege v. Produce Exch. Bank, 212 Minn. 44, 2 N. W. (2d) 423.

Nevertheless, the action of the court can be sustained if it should have granted the motion made by plaintiff at the close of the testimony for a directed verdict in his favor. In that event, there would be no need for a jury determination, and the jury's action can be disregarded. Defendant admits this in his brief on appeal.

It is our opinion that here, as in the Schimmelpfennig case, plaintiff was entitled to a directed verdict in his favor. The facts are not in dispute that plaintiff found the customer; that he caused the customer and owner to come together; and that the customer purchased the property on the terms proposed by the principal. Nokleby v. Docken, 134 Minn. 318, 159 N. W. 757. On the evidence and pleadings here, the court should have directed a verdict for plaintiff for $500 and therefore acted properly in ordering judgment for $500 notwithstanding the jury's verdict for only $150.

Affirmed.