JOHN R. GIBSON, Circuit Judge.
 

 Charles W. Stevenson appeals from an order of the bankruptcy court, affirmed by the district court, disallowing his claim against the bankruptcy estate of Stevenson Associates, Inc. (Associates), for amounts of deferred compensation owed pursuant to an employment agreement. The bankruptcy judge without an evidentiary hearing concluded, and the district court agreed, that Stevenson’s claim was invalid as a matter of law because the employment agreement provided explicitly for Associates’ complete discharge from all contractual obligations in the event of its liquidation in bankruptcy. Stevenson presents arguments in this appeal based on contract law principles, due process, laches, and public policy. We conclude that the discharge provision does not present an absolute bar to Stevenson’s recovery if, as Stevenson alleges, the liquidation in bankruptcy was caused by Associates’ culpable misconduct. Therefore, we vacate the judgment of the district court and remand to the bankruptcy court for a determination of whether the liquidation of Associates was so caused.
 

 Stevenson founded Stevenson Associates, Inc., an advertising agency, in 1954. On August 18, 1977, he sold his majority interest of 2,538 shares, valued at $63 per share, to officers of the agency. On the same day the parties entered into an employment agreement. Stevenson was to hold for five years the position of Founder Chairman. Basic compensation was set at $40,000 per year. In this position Steven
 
 *417
 
 son was to act in an advisory capacity only; he was given no power to manage or vote on corporate matters. In addition, for the five years after his full retirement on August 18, 1982, provided he did not voluntarily leave Associates before that date, Stevenson was to receive deferred compensation in the amount of $40,000 per year. The contract stated that part of the consideration supporting Associates’ promise to pay the deferred compensation was to be Stevenson’s provision of employment services as Founder Chairman. In the event of Stevenson’s disability or death during the first five-year period, the contract provided that he or his personal representative would receive deferred compensation at a rate of $10,000 per calendar-year quarter for the period of time equal to that during which he served as Founder Chairman. Stevenson also agreed not to work during the life of the employment contract for any business that competed with Associates. Finally, the contract contained the following clause:
 

 10.
 
 Bankruptcy or Insolvency of Company.
 
 In the event Company liquidates due to insolvency or events resulting in active bankruptcy, this agreement shall terminate and shall be considered as fully and completely discharged.
 

 On December 5, 1980, Associates filed for reorganization under Chapter 11 of the Bankruptcy Act. The Chapter 11 proceeding was converted into a Chapter 7 liquidation proceeding on June 12,1981. At the time of the first filing, just over three years after the sale, the book value of Associates’ stock had dropped to zero. Stevenson asserts in his brief, as he did throughout this litigation, that the new officers and directors, after purchasing Associates, became interested in other business, particularly the development of a commercial real estate project, and used their energies and Associates’ resources, reputation, and credit record to amass funds to finance this venture. In the process, Stevenson alleges, they ignored the advertising business upon which Stevenson had built the agency, causing Associates’ decline.
 

 Stevenson timely filed five proofs of claim. The claim with which we here are concerned, filed on May 11, 1981, rests on indebtedness of $224,200 for unpaid deferred compensation. Initially, the trustee in bankruptcy determined this claim to be valid, and in his filing to the bankruptcy judge entitled “Objection to Allowance of Claims,” specifically requested that the claim for unpaid deferred compensation be allowed. On December 9, 1983, the parties appeared in bankruptcy court. The bankruptcy judge, over protest by the trustee, challenged the allowance on the basis that Stevenson, as a member of Associates’ board of directors, despite his having no control over Associates’ affairs, was an insider under 11 U.S.C. § 101(28)(A)(iv) (West Supp.1985). The bankruptcy judge, therefore, suggested that Stevenson’s claim should be equitably subordinated to the claims of other unsecured creditors under 11 U.S.C. § 510(b) (West Supp.1985). Stevenson’s counsel, taken unawares by this
 
 sua sponte
 
 objection, requested 30 days to brief the issue. The bankruptcy judge set the hearing for December 14, 1983, five days later.
 

 At the December 14th hearing, the trustee for the first time stated — he had not submitted a brief to the bankruptcy judge, nor has he done so at any subsequent stage of this litigation — that after examining the employment contract, he objected to Stevenson’s claim for unpaid deferred compensation. The objection was based on the contract’s discharge provision at paragraph 10. Stevenson’s counsel had been advised of the trustee’s changed position by telephone only the previous day and objected to the lack of adequate notice. He thus requested that he be afforded 30 days’ notice and an evidentiary hearing to respond to the objection, procedural measures which he asserted were required by the due process provisions of the Bankruptcy Act and Rules. He also complained that the mismanagement of .Associates by the new owners, causing the agency’s eventual decline, should render inoperative the discharge provision. The bankruptcy judge denied the request for additional notice and
 
 *418
 
 hearing. In addition, observing that the claim was facially invalid because the employment agreement explicitly provided that all of Associates’ obligations would be fully discharged and Stevenson’s rights terminated in the event of liquidation in bankruptcy, the bankruptcy judge sustained the objection and denied the claim.
 

 The district court affirmed the decision of the bankruptcy judge. Under 11 U.S.C. § 502(a) (West Supp.1985), a properly filed claim is deemed allowed unless a party in interest objects. If a claim is challenged, the claimant, under 11 U.S.C. § 502(b) (West Supp.1985), must be given notice of the objection and a hearing. A written copy of the objection along with notice of the hearing must be delivered to the claimant at least 30 days before the hearing. Bankr.R. 3007 (West 1984). The court conceded that the procedures employed by the bankruptcy judge were “technically defective.”
 
 Stevenson v. Stevenson Associates,
 
 3-84 Civ. 184, slip op. at 4 (D.Minn.1984). Nevertheless, it concluded that despite the bankruptcy judge’s disregard of these requirements, the procedural defects did not “reach the level of constitutional denial of due process.” Slip op. at 4. The court reasoned that the disallowance was based on a legal conclusion to which an evidentia-ry hearing would have been immaterial. Since Stevenson had received some notice and some opportunity to be heard, due process had been satisfied. The court also rejected arguments based on contract law principles, laches, and public policy. Finally, the court concluded that the bankruptcy judge’s determination that liquidation in bankruptcy fully discharged Associates’ obligations under the employment contract was correct and affirmed this disallowance.
 

 I.
 

 On this appeal, Stevenson reiterates the arguments advanced throughout these proceedings. Some of these arguments seek remand for an evidentiary hearing; others call for outright reversal of the district court’s disallowance. These arguments require us to review the district court’s interpretation and application of the various provisions of the Bankruptcy Act and Rules, and its construction of the language of the employment contract. We thus consider the scope of our review of the district court’s conclusions.
 

 A court of appeals exercises plenary review of a district court’s interpretation and application of federal statutes or regulations; these raise questions only of law.
 
 United States v. Singer Manufacturing Co.,
 
 374 U.S. 174, 193, 83 S.Ct. 1773, 1783, 10 L.Ed.2d 823 (1963);
 
 United States v. Parke, Davis & Co.,
 
 362 U.S. 29, 43-45, 80 S.Ct. 503, 511-12, 4 L.Ed.2d 505 (1960). Similarly, where an adjudication of parties’ rights and obligations under a contract rests solely upon a reading of the contract itself, and involves no findings of fact or questions of credibility, we review the district court’s conclusions of law free of the clearly erroneous standard of Fed.R. Civ.P. 52(a).
 
 Western Contracting Corp. v. Dow Chemical Co.,
 
 664 F.2d 1097, 1100 (8th Cir.1981);
 
 Swanson v. Baker Industries,
 
 615 F.2d 479, 483 (8th Cir.1980);
 
 Teamsters, Local No. 688 v. Crown Cork & Seal Co.,
 
 488 F.2d 738, 740 (8th Cir. 1973).
 

 Stevenson’s challenges based on due process and on the effect of the contract’s discharge clause both were rejected without an evidentiary hearing. Judgment as a matter of law based solely on the effect of statutory or contract provisions, like summary judgment, may be entered only when it is clear that the truth is known and that there are no disputed material issues of fact requiring resolution by evidentiary hearing.
 
 See Trnka v. Elanco Products,
 
 709 F.2d 1223, 1225 (8th Cir. 1983);
 
 St. Louis County Bank v. United States,
 
 674 F.2d 1207, 1209 (8th Cir.1982). We therefore must view such a case in the light most favorable to the party against whom judgment was entered, granting to that party all beneficial inferences the record can withstand.
 
 See Elbe v. Yankton Independent School District No. 1,
 
 714 F.2d 848, 850 (8th Cir.1983);
 
 Bellflower v. Pennise,
 
 548 F.2d 776, 778 (8th Cir.1977).
 

 
 *419
 
 II.
 

 Stevenson presses two theories to urge our remand of the case for an evidentiary hearing. He argues that without knowledge of the circumstances surrounding Associates’ decline and liquidation, the bankruptcy court was unable to properly adjudicate the parties’ rights and duties under the contract. He also contends that he is entitled to 30 days’ written notice of the trustee’s objection and an adequate hearing, as is required by the due process provisions of the Bankruptcy Act and Rules.
 

 While this dispute reaches us through a proceeding in bankruptcy, its resolution rests on well-known principles of contract law. The employment agreement provides that it shall be construed under the law of Minnesota, the place of its making, and we will apply that law.
 
 Medtronic, Inc. v. Gibbons,
 
 684 F.2d 565, 568 (8th Cir.1982);
 
 see also Milliken & Co. v. Eagle Packaging Co.,
 
 295 N.W.2d 377, 380 n. 1 (Minn.1980). In its essentials, the agreement required Associates to pay Stevenson $40,000 per year in deferred compensation for the five years commencing on August 19, 1982, unless either Stevenson voluntarily left his employment with Associates during the five years preceding August 19, 1982, or Associates liquidated in bankruptcy during the ten-year period covered by the contract. Associates’ duty to perform under the employment contract thus may be viewed as having been conditioned upon the nonoccurrence of two events. Under this analysis, the bankruptcy judge essentially concluded, and the district court agreed, that upon Associates’ liquidation in bankruptcy, the second condition had failed, thus as a matter of law discharging Associates’ obligation to perform under the contract. Since for the purpose of contesting claims of creditors against a bankruptcy estate the trustee in bankruptcy may assert all defenses to which the debtor would be entitled,
 
 Bank of Marin v. England,
 
 385 U.S. 99, 101, 87 S.Ct. 274, 276,17 L.Ed.2d 197 (1966);
 
 Donaldson v. Farwell,
 
 93 U.S. 631, 634, 3 Otto 631, 23 L.Ed. 993 (1876);
 
 Schneider v. O’Neal,
 
 243 F.2d 914, 918 (8th Cir.1957);
 
 see
 
 2
 
 Collier on Bankruptcy
 
 ¶ 323.01 (L. King, ed., 15th ed. 1985) (explaining that principle remains in force under Bankruptcy Act of 1978), the obligation of the trustee, as representative of the estate, 11 U.S.C. § 323(a) (1982), also is discharged.
 

 Failure of a condition to performance of a contractual duty, however, does not as a matter of law discharge the prom-issor of that duty. It long has been held that if the occurrence of an event which triggers the discharge of a promissor’s obligation is caused by the promissor’s culpable misconduct, the legal duty will not be discharged.
 
 Nodland v. Chirpich,
 
 307 Minn. 360, 365-66, 240 N.W.2d 513, 516 (1976);
 
 accord Restatement (Second) of Contracts
 
 § 230(2)(a); 5
 
 Williston on Contracts
 
 § 677, at 224-25 (W. Jaeger, ed., 3d ed. 1961) (“It is a principle of fundamental justice that if a promissor is himself the cause of failure of performance, either of an obligation due him or of a condition upon which his own liability depends, he cannot take advantage of the failure.”). At heart the prevention doctrine, as it has been called,
 
 Shear v. National Rifle Association,
 
 606 F.2d 1251, 1254-55 (D.C.Cir. 1979), is merely a corollary to the general principle that equity will not permit one to rely on one’s own misconduct.
 
 Deitrick v. Greaney,
 
 309 U.S. 190, 196, 60 S.Ct. 480, 483, 84 L.Ed. 694 (1940).
 

 A court sitting in bankruptcy applies equitable principles,
 
 Pepper v. Litton,
 
 308 U.S. 295, 303-04, 60 S.Ct. 238, 243-44, 84 L.Ed. 281 (1939), and indeed, courts have recognized the applicability of the prevention doctrine to bankruptcy cases. In
 
 Christensen v. Felton,
 
 322 F.2d 323 (9th Cir.1963), the court ruled as error the trial court’s decision to disallow creditors’ claims based on a bankruptcy discharge provision in a contract.
 
 Christensen
 
 involved the sale of a corporation’s stock. The terms of the agreement between the shareholders and the purchaser were set out in a written contract which contained a provision discharging the purchaser from its obligation to pay the balance due to the
 
 *420
 
 shareholders if either the purchased corporation or the purchaser entered into bankruptcy.
 
 Id.
 
 at 325. Within about a year of the transaction both became bankrupt. The creditors, invoking the prevention doctrine to overcome the bar of the discharge provision, presented evidence that the purchaser had “systematically looted the assets” of the purchased corporation, and that at the time of the transaction the purchased corporation’s assets were more than twice its liabilities, but upon bankruptcy one year later it was “hopelessly insolvent.”
 
 Id.
 
 at 326. The court stated:
 

 The testimony shows that to sustain the application of the contract which the referee adopted would permit the bankrupt to profit by its own wrong by wrecking the purchased corporation and diverting to its own use much of those assets, these being what gave the stock value and, having done so, to say to the selling stockholders: “Your company is now bankrupt, as are we, and you have agreed that under these conditions we need not pay you.”
 

 Id.
 
 at 327. The court held that the bankruptcies were caused by the purchaser’s culpable misconduct, and that such culpable misconduct prevented the trustee, as successor to the bankrupt, from relying on the discharge provision.
 
 Id.
 

 Stevenson argues that similar culpable misconduct precipitated Associates’ decline. Stevenson asserts in his brief and oral argument to this court, as he has at each stage of this proceeding, that after purchasing Stevenson’s majority interest in Associates in 1977, the new owners, who also were its officers and directors, engaged in a rash course of business ventures, including the development of a commercial real estate property. These activities, he contends, improperly diverted Associates’ resources from its established advertising business. Stevenson further alleges that the new owners misused Associates’ stable credit record to secure additional financing for these ventures, recklessly threatening Associates’ solvency. Stevenson also represents that when he sold his stock in the agency which he successfully had managed for 23 years, its book value was $63 a share, and that in just over three years, when Associates filed under Chapter 11, the stock had become worthless. Stevenson thus concludes that the new owners’ bad faith management of Associates’ resources, resulting in the agency’s decline and liquidation, should bar the trustee in bankruptcy, as Associates’ successor, from relying on the discharge provision to avoid .Associates’ contractual obligation to pay deferred compensation.
 

 The absence of earlier resolution of this argument can in no way fairly be attributed to Stevenson’s lack of diligence. Initially, the parties appeared before the bankruptcy judge merely to confirm a filing by the trustee which consented to allowance of Stevenson’s claim for unpaid deferred compensation. At that appearance, on Friday, December 9, the bankruptcy judge
 
 sua sponte
 
 called for subordination of the claim and granted only five days for presentation of a brief and preparation for hearing. Then at the next appearance, on December 14, the trustee raised for the first time upon one day’s oral notice the discharge provision objection. At no time was a filing presented which squarely set forth any objection. Stevenson’s counsel at each turn challenged the procedures imposed and articulated the factual underpinnings to the prevention doctrine response. Because the proceedings to this point were conducted in substantial haste, we believe that Stevenson’s good faith presentation of these arguments, for the limited purposes of the hearing, adequately raised issues that should have been resolved by the bankruptcy .court.
 

 These issues, however, remain unresolved, and we cannot say without factual record that Stevenson’s claim for unpaid deferred compensation should be disallowed. We believe that Stevenson is entitled to a hearing at which he may present evidence to support his assertions. Therefore, we vacate the judgment of the district court and remand to the bankruptcy court for a determination of whether the failure
 
 *421
 
 and ultimate liquidation of Associates was caused by its culpable misconduct.
 

 We recognize that courts cannot remake contracts or imply provisions through judicial interpretation.
 
 Telex Corp. v. Data Products,
 
 271 Minn. 288, 295, 185 N.W.2d 681, 687 (1965);
 
 Anderson v. Twin Cities Rapid Transit,
 
 250 Minn. 167, 176, 84 N.W.2d 593, 599-600 (1957). However, a contract is deemed executed with reference to settled principles of law. governing its subject matter.
 
 Blaisdell v. Home Building & Loan Association,
 
 189 Minn. 422, 425, 249 N.W. 334, 335 (1933),
 
 aff'd,
 
 290 U.S. 398, 54 S.Ct. 231, 78 L.Ed. 413 (1934);
 
 Winter v. Liles,
 
 354 N.W.2d 70, 73 (Minn.Ct.App.1984). A promise to act in good faith to bring about the occurrence of a condition to performance is implied by law in every contract.
 
 CRI, Inc. v. Watson,
 
 608 F.2d 1137, 1141-42 (8th Cir. 1979) (applying Minnesota law). Thus, we need not and do not suggest that a discharge provision such as that expressed in paragraph 10 is void for all purposes. If the record developed on remand shows that Associates’ liquidation in bankruptcy resulted from economic circumstances or despite the good faith exercise of reasonable business judgment, the discharge provision must be accorded its intended effect. We hold only that the discharge provision under these circumstances does not as a matter of law defeat Stevenson’s claim on the bankruptcy estate.
 

 Stevenson also seeks remand on the theory that the procedures employed by the bankruptcy court and approved by the district court violated the due process provisions of the Bankruptcy Act and Rules. Since we have ordered remand on other grounds, we need not consider this argument. We are satisfied that Stevenson now has sufficient notice and an opportunity to make his case as required by the Bankruptcy Act and Rules.
 

 III.
 

 Stevenson presents three arguments to obtain reversal of the disallowance. He contends that principles of quantum meruit require that he receive the deferred compensation for employment services requested, performed, and accepted. He also argues that the doctrine of laches bars the trustee’s objection as untimely, and that the discharge provision is void as against public policy.
 

 Stevenson asserts that in entering into the employment agreement the parties expected that unless Stevenson voluntarily left Associates’ employ during the five-year period,beginning August 18,1977, which he did not, he would upon his full retirement be paid $40,000 per year in deferred compensation for the time he actually served up to five years. At the time Associates filed for liquidation, Stevenson, relying on this mutual expectation, had performed the services of Founder Chairman for nearly four years. Associates received the benefit of these services. On this basis, Stevenson now urges that notwithstanding the discharge provision, principles of quantum meruit should be applied to effect his reliance interest and prevent Associates’ unjust enrichment. He thus seeks reversal of the district court judgment and allowance of a claim of $160,000 against the bankruptcy estate, as the remainder due on four years’ services.
 

 Recovery in quantum meruit may be obtained where a benefit is conferred and knowingly accepted under such circumstances that would make it unjust to permit its retention without payment.
 
 Ylijarvi v. Brockphaler,
 
 213 Minn. 385, 393, 7 N.W.2d 314, 319 (1942);
 
 see generally
 
 17 C.J.S. § 6, at 572-73 (1963 & Supp.1985). However, there can be no recovery in quantum meruit where a valid express contract between the parties exists.
 
 Breza v. Thaldorf
 
 276 Minn. 180, 183, 149 N.W.2d 276, 279 (1967);
 
 Schimmelpfennig v. Gaedke,
 
 223 Minn. 542, 548, 27 N.W.2d 416, 420-21 (1947). Parties to an express contract are entitled to have their rights and duties adjudicated exclusively by its terms.
 
 See Starr v. Starr,
 
 312 Minn. 561, 562-63, 251 N.W.2d 341, 342 (1977);
 
 Carl Bolander & Sons, Inc. v. United Stockyards Corp.,
 
 298 Minn. 428, 433, 215 N.W.2d 473, 476 (1974).
 
 *422
 
 Stevenson’s claim is based upon the employment contract and we have remanded for a determination whether the express provisions bar or do not bar his contractual claim. We thus reject Stevenson’s claim for recovery in quantum meruit.
 

 Stevenson argues that the trustee’s objection, made over two years after Stevenson filed his claim, should be barred by the doctrine of laches. He also urges that the discharge provision creates a forfeiture which should be deemed void as contrary to public policy. We have considered these arguments and the cases offered in support of them and conclude that they are without merit.
 

 We vacate the order of the district court and remand this case to the bankruptcy court for proceedings consistent with this opinion.